IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALBERT ARCHULETA,

    Plaintiff,

v.                                   No. CIV-00-1797 BB/DJS

GARY E. JOHNSON, ET AL.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court sua sponte and on a number of motions to dismiss (Doc. #21, #23, #25, #27, and #29) filed by Defendants Johnson, New Mexico Department of Corrections, Perry, Shanks, Tafoya, and Serna ("New Mexico Defendants"). Plaintiff, a former New Mexico state prisoner, was released from custody before he filed his complaint. He has not responded to any of the motions. For the reasons below, the motions will be granted and certain of Plaintiff's claims will be dismissed.

The complaint asserts a number of claims arising from Plaintiff's transfer to the maximum-security Wallens Ridge State Prison in Virginia, following a disturbance at a detention facility operated by Wackenhut Corporation in Guadalupe County, New Mexico. In Count 1, Plaintiff alleges he was transferred even though he did not participate in the disturbance, he was given no prior notice or explanation for the transfer, and he was subjected to excessive force at Wallens Ridge. He asserts his transfer violated federal and state constitutional rights of due process. Count 2 claims the harsh conditions during and after transfer violated federal and state constitutional protections against cruel and unusual punishment. Count 3 asserts that Plaintiff was repeatedly



subjected to strip searches and other body searches, and he was harshly restrained, in violation of the Fourth Amendment's protections against unreasonable search and seizure. Count 4 asserts an equal protection violation based on disparate treatment of Plaintiff, and Count 5 claims that "an interstate compact" was violated by the transfer and by related conditions of Plaintiff's confinement. In Count 6 Plaintiff asserts claims based on respondeat superior liability, and Count 7 claims Defendants conspired to violate Plaintiff's various constitutional protections. Count 8 claims that Defendants' conduct was wanton, deliberate and malicious, entitling Plaintiff to punitive damages. All Defendants are named in their individual and official capacities. Plaintiff seeks damages and prospective equitable relief.

Motion No. I

In their first motion to dismiss (Doc. #21), Defendants argue the Eleventh Amendment bars all claims against them in their official capacities and for punitive damages under state law. Plaintiff's failure to respond "constitutes consent to grant the motion" under D.N.M.LR-Civ. 7.5(b). Furthermore, because Plaintiff makes no allegation that he currently being denied constitutional rights, his official-capacity claims for damages and injunctive relief are frivolous. *McLaughlin v. Bd. of Trs. of State Colls.*, 215 F.3d 1168, 1172 (10th Cir. 2000); *Johns v. Stewart*, 57 F.3d 1544, 1552 (10th Cir. 1995) ("when there is 'no ongoing violation of federal law,' 'a suit against a state officer--a suit the decision of which will as a practical matter bind the state--should be treated for what it is: a suit against the state.'") (citations omitted); *see also Ex parte Young*, 209 U.S. 123, 159-60 (1908); *Papasan v. Allain*, 478 U.S. 265, 276 (1986); *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). Plaintiff's claims, including claims for punitive damages,

against Defendants in their official capacities will be dismissed. Furthermore, Plaintiff's claims for punitive damages under the New Mexico Tort Claims Act, N.M. Stat. Ann. §§ 41-4-1 to -29 (Michie 1996 and Cum. Supp. 2001), are precluded in the statute and will be dismissed. § 41-4-19(B); *Folz v. State*, 797 P.2d 246, 257 (N.M. 1990).

Defendants also contend, correctly, that Plaintiff's allegations do not support Equal Protection claims. Plaintiff "is not a member of a suspect class nor did [his transfer amount to] the deprivation of a fundamental right." *May v. Oklahoma Dep't of Corrections*, No. 99-6267, 2000 WL 633244, at **4 (10th Cir. May 17, 2000). Plaintiff's Equal Protection claims will be dismissed, and the first motion will be granted.

Motion No. II

Defendants' second motion (Doc. #23) argues that Plaintiff's allegations regarding his placement, transfer, and administrative segregation fail to state a claim for violation of his due process rights. Defendants also assert qualified immunity to this claim. Plaintiff did not file a response to this motion. As a matter of procedural due process, "state and federal prisoners generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Federal Bureau of Prisons*, 981 F.2d 466, 468 n.3 (10th Cir. 1992). Absent some prohibited reason for the transfer, such as discrimination or retaliation for the exercise of a constitutional right, the transfer itself cannot be challenged. *See id.*; *Frazier v. Dubois*, 922 F.2d 560, 561-62 (10th Cir. 1990); *see also Meachum v. Fano*, 427 U.S. 215, 225 (1976). Furthermore, the complaint does not support a substantive due process claim. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (no substantive violation where solitary conditions "mirrored those conditions . . . in administrative segregation").

3

The second motion will be granted on the merits.

### Motion No. III

The third motion to dismiss (Doc. #25) argues that Plaintiff's allegations of mistreatment do not support an Eighth Amendment claim for cruel or unusual punishment. Plaintiff did not file a response to this motion. Plaintiff's failure to respond "constitutes consent to grant the motion." Furthermore, upon review of Plaintiff's allegations, it is clear that the alleged conduct of the New Mexico Defendants did not amount to Eighth Amendment violations. Except for the transfer itself, the alleged abuses did not occur until Plaintiff arrived in Virginia. This motion will be granted on the merits.

### Motion No. IV

Defendants' fourth motion (Doc. #27) seeks dismissal of Plaintiff's claims under 42 U.S.C. §§ 1983, 1985, and 1986 for conspiracy, for violations of the Fourth Amendment, and for injunctive relief. First, Plaintiff's allegations do not implicate the provisions of § 1985 or § 1986. " '[I]n the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under §1985.' " *Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir. 1994) (quoting *Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir. 1979) (per curiam). Furthermore, "there can be no valid claim under § 1986 of neglect to prevent a known conspiracy, in the absence of a conspiracy under § 1985." *Santistevan v. Loveridge*, 732 F.2d 116, 118 (10th Cir. 1984).

Plaintiff's allegations do not support a Fourth Amendment claim, even assuming for purposes of this opinion that a policy or action of the New Mexico Defendants somehow caused the alleged searches. Although "prisoners do retain a limited constitutional right to bodily privacy," *Hayes v.*

4

*Marriott*, 70 F.3d 1144, 1146 (10th Cir. 1995), "[c]ourts must give great deference to the decisions of prison officials . . . [that are] 'reasonably related to legitimate penological interests,'" *id.* at 70 F.3d at 1146 (quoting *Turner v. Safley*, 482 U.S. 78, 85-86, 89 (1987). Here, although Plaintiff denies participation in the New Mexico disturbance, the transfer of inmates was for security reasons, and Plaintiff makes no allegation that the searches were, e.g., retaliatory or violative of religious beliefs. Plaintiff's claim under the Fourth Amendment will be dismissed.

Plaintiff's § 1983 conspiracy claim will also be dismissed, based on the dismissals herein of all his other federal claims. Relief can only be granted on conspiracy claims under § 1983 if the object of the conspiracy was to deny Plaintiff a federally protected right. Defendants "may not be held liable under this theory . . . if there are no underlying constitutional violations." *Thompson v. City of Lawrence, Kan.*, 58 F.3d 1511, 1517 (10th Cir. 1995) (citing *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)).

Plaintiff's claims for injunctive relief became moot when he was released from custody. *McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999); *Boyce v. Ashcroft*, No. 98-1280, 2001 WL 1154994 (10th Cir. Oct. 1, 2001). The fourth motion to dismiss will be granted.

Motion No. V

In their fifth motion to dismiss, Defendants seek dismissal of Plaintiff's claims for violations of state constitution protections and for infliction of emotional distress. Again, Plaintiff has not responded. These claims will be dismissed because the New Mexico Defendants are immune to such claims. The New Mexico Tort Claims Act (the "Act") provides, with certain enumerated exceptions, immunity to tort liability for state entities and employees. *See* §§ 41-4-4 through -12. This

immunity includes claims of constitutional violations, *Chavez v. City of Albuquerque*, 952 P.2d 474, 477 (N.M. Ct. App. 1997), and thus the question is whether waivers of immunity in the Act include the named Defendants or the alleged conduct. *See, e.g., Archibeque v. Moya*, 866 P.2d 344, 346 (N.M. 1993). First, it is settled that the secretary of corrections and prison wardens are not law enforcement officers for purposes of the Act, *Anchondo v. Corr. Dep't*, 666 P.2d 1255, 1258 (N.M. 1983); *Wittkowski v. State*, 710 P.2d 93, 96 (N.M. Ct. App. 1985), *overruled on other grounds*, *Silva v. State*, 745 P.2d 380 (N.M. 1987), and thus immunity is not waived for the named New Mexico Defendants under § 41-4-12. And second, the actions complained of by Plaintiff are not in a category of conduct for which immunity is waived. *See* §§ 41-4-6, -9; *Archibeque*, 866 P.2d at 348-49 (administrators do not "operate" or "maintain" prison facilities for purposes of the Act). The New Mexico Defendants' fifth motion to dismiss will be granted.

Finally, the Court sua sponte notes that service of process on Defendants Mondragon and Lucero has not been effected. Under Fed. R. Civ. P. 4(m), claims against a defendant who is not served within 120 days from the filing of the complaint may be dismissed. *See May v. Oklahoma Dep't of Corrections*, 2000 WL 633244, at *2-*3. Plaintiff's claims against Defendants Mondragon and Lucero will be dismissed.

Conclusion

Judgment will be entered on Plaintiff's claims in Counts 1-4, 7, and part of 8 in favor of the New Mexico Defendants. Dismissal of these claims is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d

787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and will direct entry of final judgment in favor of these Defendants on Counts 1-4, 7, and part of 8. Fed.R.Civ.P. 54(b).

IT IS THEREFORE ORDERED that all pending motion to dismiss (Doc. #21, #23, #25, #27, and #29) are GRANTED, and

- Counts 1-4 and 7 of the complaint against Defendants Johnson, Perry, Shanks, Wilpolt, Tafoya, and Serna in their individual capacities will be DISMISSED with prejudice;

- all of Plaintiff's claims against Defendants Johnson, Perry, Shanks, Wilpolt, Tafoya, and Serna in their official capacities will be DISMISSED with prejudice;

- all of Plaintiff's claims against Defendant New Mexico Department of Corrections will be DISMISSED with prejudice;

- all of Plaintiff's claims against Defendants Mondragon and Lucero will be DISMISSED without prejudice;

- Plaintiff's claims in Count 8 for punitive damages under the New Mexico Tort Claims Act will be DISMISSED with prejudice; and a form of judgment will be entered in accordance with Fed.R.Civ.P. 54(b).

UNITED STATES DISTRICT JUDGE