IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALBERT ARCHULETA,

        Plaintiff,

v.                                                                                      No. CIV 00-1797 BB/ACT

GARY JOHNSON, et al.,

        Defendants,

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court for consideration of a motion for reconsideration (Doc. 44) filed by Plaintiff. Plaintiff requests that the Court reconsider the dismissal of the State Defendants (New Mexico Department of Corrections, Gary Johnson, Robert Perry, John Shanks, Jerry Tafoya, and Jeff Serna) from this case. Plaintiff filed the motion for reconsideration almost seven months after the Court issued its final judgment (Doc. 32) dismissing the State Defendants, in their official capacities, from the case. After considering the submissions of the parties and the applicable law, the Court determines that the opinion and order of dismissal should not be reopened or altered.

**Applicable Standard:** It is first necessary to decide what standards to apply to Plaintiff's motion for reconsideration. When the Court entered the earlier order of dismissal, the Court expressly found there was no just reason for delay and entered a final judgment, albeit partial (Docs. 31, 32). That judgment, therefore, was final and appealable at that time. *See* Rule 54(b), F.R.C.P. (court may direct entry of a final judgment as to one or more of the claims or parties, but fewer than all of the claims or parties, only upon an express determination that there is no just reason for delay).

The rules applicable to reconsideration of a final judgment, rather than an interlocutory decision, apply to Plaintiff's motion. Accordingly, Plaintiff's motion will be analyzed under Rule 60(b), F.R.C.P., the rule which controls requests for relief from a final judgment or order. *See, e.g., Burke v. Warren County Sheriff's Dep't*, 916 F.Supp. 181, 183 (N.D.N.Y. 1996) (where district court did not find there was no just reason for delay, summary judgments granted to two parties were interlocutory and could be reconsidered without reference to grounds specified in Rule 60(b)).

**Application of Standard to this Case:** Rule 60(b) provides six different grounds for relief from a final order or judgment. These grounds include mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud; the fact that a judgment is void; satisfaction of the judgment; or any other reason justifying relief. *See Van Skiver v. United States*, 952 F.2d 1241, 1244, n. 4 (10th Cir. 1991). Plaintiff, however, has not shown how any of the requirements of Rule 60(b) have been met in this case. Instead, he has simply reargued the merits of the State Defendants' motion to dismiss and this Court's judgment granting dismissal. For example, Plaintiff argues the State Defendants violated the rules of civil procedure by filing five separate motions to dismiss rather than one comprehensive motion, and violated the rules by filing a motion to dismiss after raising affirmative defenses. Plaintiff also argues his failure to respond to the motions to dismiss was not a valid basis for granting the motions, and that his complaint was sufficient to state a claim against the State Defendants and should not have been dismissed as to those Defendants.

Except for the failure-to-respond argument, these are all arguments that could and should have been presented during the briefing of the motions to dismiss. It is not appropriate to use Rule 60(b) to argue matters that Plaintiff had a fair opportunity to raise at the correct time. Furthermore, Plaintiff's failure to respond was not inadvertent or a mistake, but was a deliberate "principled

refusal" to respond, based on Plaintiff's counsel's belief that he need not respond to motions that in his opinion violated the rules of civil procedure. Since the requirements of Rule 60(b) have not been met, the Court will not consider Plaintiff's arguments attacking the merits of the State Defendants' motions or this Court's opinion and judgment granting those motions. *See Van Skiver*, 952 F.2d at 1243 (it is inappropriate, in motion to reconsider final judgment, to advance new arguments or supporting facts that were available for presentation when the original motion was briefed).

As to the argument that failure to respond to a motion is not a proper basis for granting the motion, the Court agrees. That is why the Court's prior opinion addressed the merits of the State Defendants' motions, instead of simply granting them on the basis of Plaintiff's failure to respond. Since the Court did address the merits, this argument is not a ground for reopening the partial final judgment, even if it could be considered a proper Rule 60(b) argument. Plaintiff's motion for reconsideration will be denied, for all of the reasons stated above.

**Parties or Claims Remaining:** The Court's examination of the record in this case indicates the Virginia Defendants have been dismissed, Wackenhut Corporation has been dismissed, two employees of Wackenhut have been dismissed, the State Defendants have been dismissed in their official capacity, and the State Defendants have been dismissed in their individual capacities with respect to a number of claims. However, it appears the State Defendants, in their individual capacities, have not been dismissed as to Counts 5 and 6, and part of Count 8 (Docs. 31, 32).

Count 5 is the claim based on alleged violation of the Interstate Corrections Compact, NMSA § 31-5-17. The Court is inclined to dismiss this Count entirely, since nothing in the Compact indicates individual inmates have any right of action to redress violations of the Compact. *See Halpin v. Simmons*, 2002 WL 700936 (10th Cir.) (violation of Interstate Corrections Compact is not a

3

violation of federal law, and is not actionable under § 1983); *Vang v. Angelone*, 1994 WL 533568 (9th Cir.) (Interstate Corrections Compact does not establish private right of action as a third party beneficiary).  Since Plaintiff has not yet addressed this issue, however, the Court will afford him the opportunity to do so if he wishes, as discussed below.

As to Count 6, that Count appears to be a constitutional claim based on the failure of the State Defendants to monitor and control the excessive force inflicted on Plaintiff by Virginia prison officials and guards.  This count appears to be a claim for supervisory liability; a supervisor may be held liable for unconstitutional acts of others if the supervisor personally participated in the constitutional deprivation or failed to adequately supervise the subordinates committing the deprivation.  *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996).  The allegations of Count 6, therefore, would adequately state a claim if the State Defendants had authority to control the behavior of the Virginia correctional officers, and encouraged those officers to violate Plaintiff's constitutional rights as asserted in Count 6.  At this point, however, Plaintiff has alleged no facts indicating the State Defendants had any authority or control whatsoever over the behavior of the Virginia correctional officers.  The Court is aware of no authority indicating the State Defendants could be held liable for constitutional deprivations committed by state officials over whom they had no control.  This claim, therefore, like the Interstate Compact claim, appears subject to dismissal, but like that claim, has not yet been addressed by any party.

The remaining portion of Count 8 appears to be the claim for intentional infliction of emotional distress ("IIED").  As to this claim, it does not appear immunity has been waived under the New Mexico Tort Claims Act.  *See Romero v. Otero*, 678 F.Supp. 1535, 1540 (D.N.M. 1987) (Tort Claims Act does not waive immunity for intentional infliction of emotional distress claim);

4

NMSA 41-4-1 *et seq.* (Tort Claims Act, containing no waiver of immunity for the tort of intentional infliction of emotional distress).  However, neither this issue, the supervisory liability issue, or the Interstate Compact issue have yet been addressed by the parties, and the Court is not inclined to dismiss these claims *sua sponte* even though they appear without merit at this point.  The Court therefore orders Plaintiff to file a memorandum, within thirty days from the date of this opinion, if Plaintiff wishes to present argument or authority concerning the viability of Counts 6 and 7 or the IIED portion of Count 8.  Given Plaintiff's counsel's history of not responding to motions and then chastising the Court for granting the motions, counsel should note that it is not this Court's responsibility to search for argument or authority that might support the claims.  At this point the claims appear without merit, and they will be dismissed on the merits if Plaintiff does not exercise the opportunity to submit the memorandum discussed above within thirty (30) days of this order.

**Conclusion:**  Pursuant to the foregoing, Plaintiff's motion for reconsideration will be denied.  Furthermore, should Plaintiff wish to pursue Counts 6 and 7 or the IIED portion of Count 8 against the State Defendants in their individual capacities, Plaintiff must submit a memorandum of argument and authority in support of those Counts within thirty days of the date of this opinion.  The State Defendants' request for attorney's fees, made in their response to the motion for reconsideration, will be denied.

## ORDER

A Memorandum Opinion having been entered in this case, it is hereby ORDERED that Plaintiff's motion for reconsideration (Doc. 44) be, and hereby is, DENIED.  The three Counts remaining in the case *will be dismissed, terminating the case entirely, unless Plaintiff files a*

*memorandum of argument and authority in support of those Counts within thirty days of this date*.

No attorney's fees will be awarded to the State Defendants.

Dated this 2d day of May, 2003.

BRUCE D. BLACK
United States District Judge

**ATTORNEYS**:

**For Plaintiff**:
Paul Livingston

**For Defendants:**
Timothy S. Hale
Luis E. Robles
Jeffrey M. Croasdell